# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4098 | DATE | Aug. 21, 2002 |
| CASE TITLE | Isaac Russ    v    Van B. Watts, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum opinion and order entered   Accordingly, defendant's motion to join Lewis as an involuntary plaintiff   is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
|   | No notices required. | | number of notices | Document Number |
|   | Notices mailed by judge's staff. | | | |
|   | Notified counsel by telephone. | | AUG 21 2002 date docketed | 43 |
|   | Docketing to mail notices. | | | |
|   | Mail AO 450 form. | | docketing deputy initials | |
|   | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VERA LOVE and ISAAC RUSS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.   01 C 4098 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| VAN B. WATTS, IV, Star No. 11999, PHILLIP ) | |
| BANASZKIEWICZ, ROBERT HELSON, in their ) | |
| individual capacities, and THE CITY OF ) | |
| CHICAGO, a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 2 1 2002

## MEMORANDUM OPINION AND ORDER

On June 5, 1999, Robert Russ ("Russ") was shot and killed by Chicago Police officer Van B. Watts, IV ("Officer Watts") during a traffic stop on the Dan Ryan Expressway in Chicago, Illinois. On June 5, 2001, plaintiffs Isaac Russ and Vera Love, parents of Russ, filed this suit against defendants, Officers Van Watts, IV ("Watts"), Phillip Banaszkiewicz ("Banaszkiewicz"), and Robert Helson ("Helson"), and the City of Chicago ("the City"). Following the court's ruling on a motion to dismiss for failure to state a claim, Russ v. Watts, 190 F.Supp. 2d 1094 (N.D. Ill. 2002), the counts remaining in the instant action allege that defendants Watts, Banaszkiewicz, and Helson violated plaintiffs' due process rights by depriving them of the care, custody and companionship of Russ, and by failing to prevent the use of excessive force against Russ. Plaintiffs' count against the City alleges that a municipal policy caused the violation of plaintiffs' civil rights.

Prior to the filing of the instant lawsuit, Erin Lewis ("Lewis"), the mother of Russ's child and the Independent Administrator of Russ's estate, filed a wrongful death and survival action against defendants Watts and the City in the Circuit Court of Cook County, Illinois. Defendants Watts,

Banaszkiewicz and the City have moved to join Lewis as an involuntary plaintiff in the instant action pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion is denied.

### DISCUSSION

According to Rule 19(a), "a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Rule 21 likewise provides in part that, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Defendants urge the court to join Lewis as a party to the instant case on four main grounds, the middle two of which are argued in the alternative. First defendants argue that Lewis should be joined because she has claimed an interest relating to the subject matter of this action in her state court suit. In addition, defendants claim that Lewis's absence could impair her ability to protect her own interests because there would be a "significant practical effect on Lewis's likelihood of success in a subsequent state court trial should this Court enter a verdict for defendants in this case." If the court disagrees with that proposition, defendants urge, then it should still join Lewis because the disposition of the instant action in her absence may leave

defendants subject to double, multiple, or otherwise inconsistent obligations. Finally, defendants claim that if Lewis is not joined, Banaszkiewicz cannot get complete relief in the instant case because he risks being deprived of his right to a fair trial. Plaintiffs and Lewis[1] dispute these claims. The court will address each issue in turn, beginning with whether Lewis has claimed an interest relating to the subject of the instant action.

Defendants argue that, "It is beyond question that Lewis claims an interest in the subject of this action: Lewis filed suit in the Circuit Court of Cook County based on the claim that defendants Watts and [the] City are liable for the wrongful shooting death of Russ." According to defendants, Lewis should be joined in the instant case because "[p]laintiffs in both suits claim the right to an adjudication of defendants' liability and an award of damages."

The court is unconvinced. To begin, as Lewis points out, while her claims against Watts and the City do arise out of similar facts, they are markedly different from those alleged by plaintiffs in the instant case. Lewis has filed a wrongful death claim and a survival claim against Watts and the City. Plaintiffs, on the other hand, have alleged claims against Banaszkiewicz and Helson in addition to Watts for depriving them of the care, custody and companionship of Russ, and for failing to prevent the use of excessive force against Russ. Plaintiffs also have a claim against the City that alleges that a municipal policy caused the violation of plaintiffs' civil rights. Importantly, Lewis, who is not related to plaintiffs by blood or marriage, stands to gain nothing if plaintiffs prevail in any of the above claims. The converse is true of plaintiffs; because Lewis's

---

[1] At the court's invitation, Lewis has filed an amicus brief that responds to defendants' arguments in support of the instant motion.

3

child is the sole beneficiary of Russ's estate, plaintiffs will not receive a portion of any damages awarded if Lewis prevails in her claims.

These circumstances are quite different from those described in the cases cited by defendants in support of their assertion that Lewis has claimed an interest in the subject of the instant case. See In re Forty-Eight Insulations, Inc., 109 B.R. 315, 319 (N.D. Ill. 1989); Gottlieb v. Vaicek, 69 F.R.D. 672, 674-75 (N.D. Ill. 1975). In In re Forty-Eight, Judge Marovich granted the defendant insurance companies' motion to join the plaintiff's parent company (which was the named insured on the policies in question) because he found the parent company's contention that its policy limits would not be reduced by any payments to the plaintiff to be "related to the issue of whether those payments should be made at all," such that joinder of the parent company was necessary for a just determination of the case. 109 B.R. at 319. Unlike in In re Forty-Eight, Lewis is not embroiled in a dispute with defendants that impacts the determination of whether defendants are found liable for the claims brought by plaintiffs. Gottlieb is also distinguished. In that case, Judge Decker found joinder of the plaintiffs' mother necessary because she had asserted an identical claim for the same injury against the defendants in a state court in California. 69 F.R.D. 672. In the instant case, the claims asserted by Lewis are not identical to those asserted by plaintiffs, and the separate claimants are suing to redress different injuries. Thus, both of the cases cited by defendants to support their assertion that Lewis has claimed an interest relating to the subject of the instant action are distinguished. The court consequently concludes that defendants have failed to support this ground in their motion.

Next is defendants' assertion that Lewis's absence in the instant case could impair her ability to protect her own interests. According to defendants, the court must consider the

4

"practical effects on Lewis of orders this Court may issue; for example final judgment orders or orders allowing destructive testing of the automobile in which Russ was riding during the incident." Defendants add that "front page press coverage of a defense verdict would, as a practical matter, impair Lewis's ability to succeed on her claim in a subsequent state court trial."

Defendants fail to explain how a final judgment order in the instant case would have any practical effect on Lewis's state court case given that she alleges different claims and different resulting injuries than plaintiffs allege here. Further, with respect to defendants' reference to orders allowing destructive testing of the automobile Russ drove prior to the shooting, the court is unaware of any such motion[2] and further notes that defendants have failed to explain what significance, if any, such an order, if entered, would have on Lewis's prosecution of her claims in state court. As for the possible impact on Lewis's case of publicity resulting from a defense verdict in the instant case, the circuit court is equipped to, and capable of, addressing that issue if it arises. Moreover, Lewis's submission to the court argues persuasively that her ability to protect her interests will not be impaired or impeded if she is not joined in the instant case; indeed, according to Lewis, it is only by joining her to this suit that her interests will be impaired or impeded. For all of these reasons, the court concludes that it is unnecessary to join Lewis in order to protect her interests.

The court now considers defendants' alternative contention that if Lewis is not joined to the instant case, defendants will be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. According to defendants,

---

[2] Watts and Banazkiewicz did file a motion seeking a court order to obtain evidence for *nondestructive* examination, however, which the court granted earlier this month.

5

failing to join Lewis could result in double obligations because if the jury in this action and the jury in the state action both return verdicts for plaintiffs, they could be forced to pay twice for the same allegedly wrongful conduct. In support, defendants direct the court to Darush v. Northern Trust Co., 1996 U.S. Dist. LEXIS 2369, 1996 WL 99903 (N.D.Ill. 1996), and note that in that case Judge Kocoras concluded that, "if the federal litigation is allowed to proceed, [the defendant] may be forced to pay twice for the same alleged misconduct which caused virtually the same harm."

This argument is simply misguided. As Lewis points out, if allowed to go forward, the state and federal cases cannot result in a double recovery or multiple obligations for defendants because the two suits allege different claims to redress different injuries. Whereas Lewis has filed wrongful death and survival actions on behalf of Russ's estate to redress her son's loss of Russ's society, plaintiffs' claims seek compensation to redress defendants' alleged violation of plaintiffs' right to the custody, care and companionship of Russ, the City's policy that allegedly led to that civil rights violation, and the individual defendants' alleged failure to prevent the use of excessive force against Russ. Thus, regardless of whether they are combined into one lawsuit or allowed to proceed as two separate lawsuits, the number of claims filed against defendants, the injuries those claims seek to redress, and the damages sought to provide that relief, will all remain the same—indicating the merit of Lewis's contention that there is no "pie to divide" between her and plaintiffs.[3] Further, Darush is distinguished from the instant case because in that

---

[3] Lewis asserts this in response to defendants' claim that if plaintiffs and Lewis both attempt to recover damages at trial for their loss of Russ's society and companionship, and if the two suits are kept separate, either or both juries could award damages commensurate with the full amount of Russ's society and companionship. According to defendants, if these possibilities all come to fruition, the result could be an award of double damages because one jury deciding all of

6

case Judge Kocoras was faced with siblings who were all beneficiaries to the same trust but who brought separate state and federal court lawsuits alleging identical claims against the same trustee for the same alleged breaches of fiduciary duty to their common trust. See id. at *3-5. Unlike the instant case, if any of the separate plaintiffs in Darush were to prevail (or fail) in their claims against the trustee, it would be the common trust that would benefit (or suffer) as a result—making double, multiple or inconsistent recoveries possible.

The final argument made by defendants in support of their motion begins with their claim that Lewis's absence from the instant case will deprive Banaszkiewicz of his right to a fair trial.[4] According to defendants, "Although he is not a party to the state court action, any judgment in that action which could act as res judicata against, or collaterally estop, defendants [Watts and the City] in this action would severely prejudice defendant Banaszkiewicz." Defendants also assert that, "The gravity of the prejudice to defendant Banaszkiewicz demonstrates that this Court cannot accord the current parties complete relief pursuant to Rule 19(a)(1)."

---

the claims would divide the damage award between Lewis and plaintiffs according to the percentage of Russ's future society and companionship they lost as a result of his death, whereas separate juries would each award the full amount of damages for Russ's future society and companionship. The court disagrees that the above scenario, if played out as defendants warn, would lead to the City having to pay double damages for the reasons already explained. The court further notes that if the City is concerned about the separate suits resulting in a higher total damage assessment, they can and should seek an appropriate jury instruction in each trial.

[4] Defendants do not acknowledge it in their briefs filed in support of the instant motion, but this argument is mutually exclusive with their claim that joining Lewis is in her best interest. That is, defendants' claim of potential prejudice to Banaszkiewicz is premised upon Lewis's state court case concluding first, whereas their claim regarding Lewis's best interest is premised upon the instant case concluding first. Because only one of these outcomes is possible, the two arguments are mutually exclusive and the relative strength of both is diluted even further.

7

Both of these arguments carry little weight, however. With respect to the possible impact on Banaszkiewicz's right to a fair trial, the court reiterates that Lewis's state court claims against Watts and the City are different causes of action than those alleged against Watts and the City by plaintiffs in the instant case. Therefore, the operation of res judicata against either Watts or the City is legally impossible. The operation of the doctrine of collateral estoppel against Watts and/or the City, however, is arguably possible. See Owens v. Industrial Com., 561 N.E.2d 147, 149 (Ill. App. Ct. 5th Dist. 1990) (explaining that this doctrine "applies where a prior judgment in a different action prevents relitigation of a fact issue determined on the merits in that prior action"). As the court explained in Owens (Id.),

> The necessary elements of collateral estoppel are that the issue of fact decided in the first case is identical to the issue raised in the present action; that there was a final judgment on the merits in the first case; that the party against whom the estoppel is asserted was a party, or in privity with a party, in the prior action; and that the factual issue was actually and necessarily litigated and determined in the first case.

The court need not decide the issue of whether collateral estoppel will operate against Watts and the City in the instant case if they are first found liable in Lewis's state court suit, however, because that issue has not been squarely presented by defendants and its determination is not necessary for the court to address defendants' final argument. Instead, the court need only evaluate whether the possible harm to Banaszkiewicz's right to a fair trial is an appropriate and sufficient basis for granting defendants' motion to join Lewis. The court determines that it is neither.

Possible prejudice to a party in the second suit who is not a party to, or in privity with, a party in the first suit is not listed in Rule 19(a)(2) as a factor upon which the court should base its

ruling on the instant motion. Defendants' argument is also weakened by the fact that the claims brought against Banaszkiewicz in the instant case are different from those brought against Watts and the City in state court. Thus, if Watts and the City are found liable in state court, and that fact somehow is made known to the jury who hears evidence when the instant case goes to trial, Banaszkiewicz will be free to argue (and to request that the court instruct the jury) that the claims against him are legally different from those brought by Lewis in state court. Banaszkiewicz will also have the opportunity to point out to the jury the factual distinctions between his alleged role in the shooting and the roles of Watts and the City; whereas Watts was the officer who fired the shot that killed Russ, and whereas the City was responsible for hiring and training Watts, Banaszkiewicz appears to have been merely one of several other officers present at the scene when Watts shot Russ.[5] For all of these reasons, the court concludes that the potential prejudice to Banaszkiewicz's right to a fair trial is neither an appropriate nor sufficient basis upon which to grant defendants' motion to join Lewis.

This leaves defendants' attempt to invoke Rule 19(a)(1), which requires joinder of a third party whenever the current parties to a suit will not be accorded complete relief in the third party's absence. In pursuing this argument, Defendants do not explain which of them will not be accorded complete relief if Lewis is not joined. Nonetheless, the court notes that the only two defendants that possibly could argue incomplete relief are Watts and the City, because those are the only two defendants in the instant suit that are being sued by Lewis in state court. But even that argument fails because of the (now well established) fact that plaintiffs' claims against Watts

---

[5] Banaszkiewicz's lesser role in the incident is also confirmed by the fact that, unlike Watts and the City, he was not named as a defendant in Lewis's state court wrongful death and survival action.

9

and the City in the instant suit are different from those brought against them in Lewis's state court suit. Defendants have provided no evidence, much less argument, that could lead this court to conclude that Lewis's presence in the instant case is necessary for Watts and the City to reach a final resolution with plaintiffs of the constitutional due process claims brought against them. The court therefore denies defendants' motion on this ground as well.

## CONCLUSION

Having addressed and discounted all of the arguments made by defendants in support of their motion, the court exercises its discretion to determine whether it is just to join Lewis under Fed. R. Civ. P. 20 and 21, and concludes that, for the reasons expressed above, it is not. Defendants' motion is therefore denied.

**ENTER:**  **August 20, 2002**

_____
**Robert W. Gettleman**
**United States District Judge**

10