# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4098 | **DATE** | 9/9/2004 |
| **CASE TITLE** | Russ vs. Watts | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion, the plaintiffs' motion for clarification is granted and plaintiffs' motions to alter and vacate judgment are denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 1 0 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | 173 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 10 2004

CHRISTOPHER RUSS, et al., )
)
    Plaintiffs, )
)
v. ) No. 01 C 4098
)
VAN WATTS, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for clarification and motion for reconsideration. For the reasons stated below, we enter final judgment dismissing the claims brought by Russ' siblings and deny the motion for reconsideration.

## BACKGROUND

Watts, Banaszkiewicz, and Helson are police officers that work for the City of Chicago ("City"). On June 5, 1999, Banaszkiewicz claims that he spotted a car being driven by Robert Russ ("Russ") which cut across two lanes of traffic and

1



nearly collided with two motorcyclists. Banaszkiewicz claims that he pulled behind Russ' car and turned on his blue lights. According to Banaszkiewicz, Russ did not stop until he reached a red light. Banaszkiewicz claims that he was wearing his uniform and that he exited his vehicle and knocked on the driver's side window of Russ' car, but Russ ignored him and when the light changed to green, Russ proceeded onward. Helson, who was driving home from a part-time security job, claims that he saw Russ start off with the green light, leaving Banaszkiewicz behind. Banaszkiewicz called for backup and Watts was called in to assist in the pursuit. A chase ensued and Russ finally stopped when he collided with other Chicago Police vehicles.

Banaszkiewicz and Helson approached the passenger's side window and Watts approached the driver's side of the car. Helson claims that he managed to crack open the passenger's side door and was able to calmly tell Russ that he was surrounded and that "he was not helping himself." Watts then broke the rear driver's side window of the car. Defendants claim that Russ reacted by reaching for Watts' gun. Defendants claim that Russ grabbed Watts' gun and after a few seconds of a struggle the gun discharged, killing Russ. At the time of his death Russ was twenty-two years old and was a student at Northwestern University.

The administrator of Russ' estate brought a suit against Watts and the City on

behalf of Russ' son, Robert Russ Jr., and the child's mother Erin Lewis ("Lewis") in Illinois state court for wrongful death and survival. A jury awarded Russ' estate $9.6 million. In the instant case, the Plaintiffs are Russ' parents and siblings who brought claims against the City, Watts, Banaszkiewicz, and Helson. Plaintiffs include in their amended complaint two substantive due process claims alleging violations of 42 U.S.C. § 1983 ("Section 1983") based on a severance of family relationships between Russ and his parents and Russ and his siblings (Counts I and II). Plaintiffs also brought a Section 1983 failure to prevent the use of excessive force claim (Count III), a Section 1983 conspiracy claim (Count IV), and a Section 1983 Monell claim against the City. Russ' siblings also allege violations of 42 U.S.C. § 1985 ("Section 1985") involving an alleged conspiracy to deny Russ' siblings access to the court system (Count VI). On March 15, 2002, Judge Gettleman, the prior judge in this case, granted Defendants' motion to dismiss all of the Section 1983 claims brought by Russ' siblings because his siblings did not have standing (Count II). Judge Gettleman also granted Defendants' motion to dismiss Russ' siblings' Section 1985 claims (Count VI). On April 30, 2004, Plaintiffs voluntarily dismissed the Monell claim against the City (Count V). The remaining defendants filed motions for summary judgment and on June 17, 2004, we granted the remaining defendants' motions for summary judgment in their entirety and

judgment was entered on the record on June 18, 2004. On July 2, 2004, Plaintiffs filed a motion to alter and vacate the June 18, 2004, judgment.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(a). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

# DISCUSSION

## I. Motion For Clarification

Plaintiffs seek clarification of our ruling on June 17, 2004, granting summary judgment in favor of the remaining defendants on claims brought by Russ' parents. Plaintiffs contend that when Judge Gettleman dismissed the claims brought by Russ' siblings, Judge Gettleman did not make a determination regarding whether or not Russ' siblings could bring an immediate appeal. Plaintiffs argue that there is technically not a final judgment as defined under Federal Rule of Civil Procedure 54(b). To the extent that there is not a final and appealable judgment dismissing the claims brought by Russ' siblings we enter final judgment at this juncture.

## II. Motion To Reconsider

Plaintiffs do not base their motion for reconsideration upon any of the acceptable bases for a motion for reconsideration. Plaintiffs argue merely that this court should re-evaluate its prior ruling. However, a motion for reconsideration is not a vehicle that can be used to take a second pass at a ruling to see if the court will rule differently the second time around. *See Moro,* 91 F.3d at 876(stating that Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to

present new arguments "that could and should have been presented to the district court prior to the judgment.").

Plaintiffs have inappropriately raised arguments that they raised in their response to the motions for summary judgment and arguments that they could have raised in response to the motions for summary judgment. For instance, Plaintiffs argue that there is sufficient evidence to dispute Watts' and Banaszkiewicz's statement of fact number 13. However, Plaintiffs fail to address the analysis in our prior ruling and Plaintiffs attempt to point to evidence that Plaintiffs did not refer to in their answer briefs to Defendants' motions for summary judgment.

Plaintiffs fail to address Local Rule 56.1 and the effects of Plaintiffs' 56.1 response under that rule which we discussed in our prior ruling. We explained in our prior ruling that we were not merely making findings based upon meaningless procedural technicalities because a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Statement of fact 13 reads as follows: "Robert Russ and Erin Lewis discussed moving into [sic] together to raise their son." In their 56.1 response to statement of fact 13 Plaintiffs merely pointed to Vera Love's ("Love") claim that Russ only had sexual relations with

6

Lewis once and Russ was not sure if Lewis' child was his own. Plaintiffs also state in their 56.1 response to statement of fact 13 that Russ never indicated that he was going to move in with Lewis. Whether or not Russ thought Lewis was carrying his child, the frequency of sexual relations between Russ and Lewis, and whether or not Russ indicated he was going to move in with Lewis, do not in any way address statement of fact 13 which indicates that Russ and Lewis discussed moving in together. Thus, Plaintiffs' response does not directly respond to the asserted fact.

Plaintiffs also contend that they provided sufficient citations simply because they made reference to "Exhibit 22" and Plaintiffs now attempt to cite pertinent portions of the exhibit such as pages 73, 79 and 80 of the exhibit in response to the allegations regarding Russ and Lewis moving in together. (Mot. Recon. 7). Such citations could have and should have been provided in Plaintiffs 56.1 response and the court was not obligated to scour Exhibit 22 to find out whether or not a portion created a legitimate dispute. Absent justification for Plaintiffs' delay, a motion for reconsideration is not the proper juncture to raise these points and citations. Also, Plaintiffs' citation to Exhibit 22 was merely in support of Plaintiffs conclusory 56.1 response, which as explained above was evasive and did not directly respond to statement of fact 13.

Plaintiffs also now object to statements made by Defendants in their summary

judgment briefs. Plaintiffs argue that some of Defendants' statement should be stricken because Defendants failed to provide transcript testimony to Plaintiffs as is required under Federal Rule of Civil Procedure 26(a)(1). (Mot. Recon. 8). However, Plaintiffs could have filed a motion to strike prior to the summary judgment ruling and have provided no justification for the delay. Again, the court rejected Plaintiffs' first set of arguments, and Plaintiffs are merely attempting to proffer new arguments to try and get the court to take a second look at the summary judgment issue.

Plaintiffs also complain that Defendants only cited selective portions of testimony, but Plaintiffs were given every opportunity in their answer briefs to Defendants' motions for summary judgment to point to the portions of the testimony that Plaintiffs thought pertinent. Plaintiffs also argue that "the court was deprived of the benefit of other *incompetent* evidence that would have disputed the defendants' proffered 'facts'" (Mot Recon. 9)(emphasis added). Plaintiffs argue that we should have allowed Plaintiffs to offer "inadmissible testimony" in response to Defendants' motions for summary judgments. (Mot. Recon. 9). Such an argument is nonsensical. A court can only base a summary judgment ruling on evidence that would be admissible at trial. *See Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003)(stating that Local Rule 56.1 requires citations to admissible evidence). A

party can file a motion to strike or otherwise state an evidentiary objection if evidence is raised by the opposing side in summary judgment motion briefs that would not be admissible. We considered all evidentiary objections made by Plaintiffs in their summary judgment briefs. If Plaintiffs chose not to offer other evidence because Plaintiffs thought it inadmissible, then that was their own doing, but to suggest that we should have considered what Plaintiffs admit to be "inadmissible testimony" is completely without merit. These arguments are yet another example of Plaintiffs' attempts to remedy the perceived mistakes made by them the first time around in regards to Defendants' summary judgment motions which is not the proper basis for a motion for reconsideration.

Finally, Plaintiffs argue that we erred in finding that Russ had formed a new family unit because of the holding in *Hewitt v. Hewitt*, 394 N.E.2d 1204 (Ill. 1979). However, as indicated in our prior opinion, our ruling was based specifically on the standard elucidated in *Bell v. Wilwaukee*, 746 F.2d 1205 (7*th* Cir. 1983). *Hewitt* was decided before *Bell* and *Hewitt* addressed the issue of property rights between co-habitants under Illinois state law, 394 N.E.2d at 52-55, while *Bell* addressed the scope of standing to bring suits under Section 1983, a federal statute, and the events in question in *Bell* occurred in Wisconsin. 746 F.2d at 1244-45. Thus, the *Hewitt* holding pertaining to co-habitation and property rights under Illinois law is not on

point and Plaintiffs have only made arguments by quoting out of context portions of *Hewitt* regarding families. Also, once again, Plaintiffs are presenting arguments that they failed to present in response to Defendants' summary judgment motions. Defendants Watts and Banaszkiewicz argued specifically in their memorandum in support of summary judgment that Russ had formed a new family unit. (W & B Mot. 9-10). However, Plaintiffs never raised the holding in *Hewitt* in their answer brief and never cited *Hewitt*. Only now are Plaintiffs seeking to remedy their perceived deficiencies in regards to Defendants' motions for summary judgment.

## CONCLUSION

Based on the foregoing analysis we deny Plaintiffs' motion for reconsideration and we enter final judgment dismissing all claims brought by Russ' siblings.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 9, 2004

10